**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BRIAN DONNELLY | * |
| 119 North West Creek Drive | |
| Stevensville, Maryland 21666 | * |
| | |
|     Plaintiff | * |
| | |
| v. | * |
| | |
| SLINGSHOT SPORTS LLC | * |
| 40 SW Cascade Avenue, Suite 45O | |
| PO Box 759 | * |
| Stevenson, Washington 98648 | |
| | * |
|   <u>Serve On: Registered Agent</u>: | |
|   Jeffrey Logosz | * |
|   65435 Highway 14 | |
|   PO Box 477 | * |
|   White Salmon, Washington 98672 | |
| | * |
|     Defendant | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Brian Donnelly, by and through his attorneys, Paul D. Bekman, Gregory G. Hopper, and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., hereby sues Defendant, Slingshot Sports LLC, and, in support thereof, states as follows:

**PARTIES AND JURISDICTION**

1. Brian Donnelly was seriously injured on August 21, 2004 on navigable waters off the coast of Dewey Beach, Delaware while using 2004 Slingshot Fuel kiteboarding system developed, designed, tested, manufactured, assembled, sold, distributed, and placed into the stream of commerce by Slingshot Sports LLC. Mr. Donnelly alleges that the Slingshot Fuel was defective and unreasonably dangerous due to problems with its design and manufacture.

2. Plaintiff, Brian Donnelly, is a resident of the State of Maryland.

3. Defendant, Slingshot Sports LLC, is a limited liability company organized and existing under the laws of the State of Washington that designs, manufactures, assembles, distributes, and sells kiteboarding and other maritime recreational equipment traditionally used on navigable waters.

4. This Court has jurisdiction over this action under the admiralty and maritime provision found in 28 U.S.C. 1333(1) and the diversity of citizenship provision found in 28 U.S.C. 1332. The amount in controversy in this action exceeds $75,000 (Seventy Five Thousand Dollars).

5. Venue is proper pursuant to 28 U.S.C. 1391(a).

**FACTS IN COMMON TO ALL COUNTS**

6. On August 24, 2004, Brian Donnelly was using a Slingshot Fuel 15 kite with a Slingshot Profire bar in the navigable waters off the coast of Dewey Beach, Delaware when

he was lofted high into the air by a gust of wind, carried back towards shore, and then dropped with great force in a tidal marsh. In addition to the fear and upset he faced, Mr. Donnelly suffered a number of physical injuries including, but not limited to, multiple spinal fractures of the cervical and thoracic spine, multiple rib fractures, bilateral hemothorax, left pneumothorax, and fractures of his clavicle and scapula.

7.  Defendant, Slingshot Sports LLC, developed, designed, tested, manufactured, assembled, inspected, distributed, and sold the Slingshot Fuel that Brian Donnelly was using and injured by as part of its regular business.

8.  The Slingshot Fuel was expected to reach and did reach the hands of Brian Donnelly without substantial change in the condition in which it was designed, manufactured, assembled, distributed, and sold.

9.  Defendant, Slingshot Sports LLC, knew that the Slingshot Fuel would be used without inspection for defects and represented that it could be safely used and would be fit for the ordinary purposes for which it was purchased.

10. At all times relevant to this action, Brian Donnelly used the Slingshot Fuel for the purpose in which it was designed, manufactured, assembled, distributed, and sold and in a reasonable, foreseeable, and anticipated manner.

## COUNT I: STRICT LIABILITY

11. Plaintiff, Brian Donnelly, hereby reasserts and incorporates by reference the statements and allegations in paragraphs 1 through 10 as if fully set forth herein.

12. At all times relevant to this action, including but not limited to the time Defendant, Slingshot Sports LLC, designed, manufactured, assembled, distributed, sold, and placed the Slingshot Fuel kiteboarding system into the stream of commerce and when it was used by Brian Donnelly in a reasonable, foreseeable, and anticipated manner, it was defective and unreasonably dangerous because it:

a. was defectively designed;

b. was defectively manufactured;

c. did not incorporate adequate safety mechanisms or release systems to allow users or operators of the kiteboarding system to depower or collapse their kites to prevent injuries in foreseeable lift-off or lofting situations;

d. did not incorporate adequate safety mechanisms or release systems to allow the users or operators of the kiteboarding system to release or disconnect themselves from the bar to prevent injures in foreseeable lift-off or lofting situations;

e. did not provide adequate or complete warnings to purchasers, operators, and/or users about the dangers, hazards, or injury producing potential of lift-off or lofting situations;

f. did not provide adequate or complete to purchasers, operators, and/or users about the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations; and

g. was otherwise defective and unreasonably dangerous.

13. As a direct and proximate result of the defective and dangerous condition of the Slingshot Fuel kiteboarding system, Brian Donnelly suffered pre-impact fright and suffered and, for the remainder of his life, will suffer severe and permanent bodily injury, physical pain and suffering, mental anguish, emotional injury and trauma, disfigurement, humiliation, inconvenience, physical impairment, economic damages including medical and other expenses, lost wages, lost earnings capacity, and other related injuries and harms.

WHEREFORE, Plaintiff, Brian Donnelly, hereby demands judgment against Defendant, Slingshot Sports LLC, for compensatory damages in the amount of Ten Million Dollars ($10,000,000) plus interest and the costs of this action.

## COUNT II: NEGLIGENCE

14. Plaintiff, Brian Donnelly, hereby reasserts and incorporates by reference the statements and allegations in paragraphs 1 through 10 as if fully set forth herein.

15. Defendant, Slingshot Sports LLC, as a designer, developer, manufacturer, tester, distributor, and seller of the Slingshot Fuel kiteboarding system, owed a duty to those who would use or otherwise come into contact with its products to exercise due care, ensure that its products were free of any defects that would make them unreasonably dangerous for use in a reasonable, foreseeable, and anticipated manner, and provide adequate and complete warnings of the nature of any such dangers.

16. At all times relevant to this action, including the time it designed, manufactured, and sold the Slingshot Fuel kiteboarding system and before and at the time

5

when Brian Donnelly used the Slingshot Fuel on August 21, 2004, Defendant, Slingshot Sports LLC, knew or should have known that it was defective and unreasonably dangerous based upon the information known or knowable to it.

17.     Defendant, Slingshot Sports LLC, breached its duty and was careless and negligent in that it:

a.     failed to adequately and safely design, test, and manufacture the Slingshot Fuel kiteboarding system;

b.     failed to incorporate adequate safety mechanisms or release systems in the Slingshot Fuel kiteboarding system to allow users or operators to depower or collapse their kites to prevent injuries in foreseeable lift-off or lofting situations;

c.     failed to incorporate adequate safety mechanisms or release systems in the Slingshot Fuel kiteboarding system to allow the users or operators to release or disconnect themselves from the bar to prevent injures in foreseeable lift-off or lofting situations;

d.     failed to provide adequate and complete warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the dangers, hazards, or injury producing potential of lift-off or lofting situations;

e.     failed to provide adequate and complete warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations;

      f.      failed provide adequate and complete post-sale warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the dangers, hazards, or injury producing potential of lift-off or lofting situations;

      g.      failed to provide adequate and complete post-sale warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations;

      h.      failed to provide adequate and complete post-sale warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the need to add adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations; and

      i.      failed to comply with the applicable standard of care and was otherwise careless and negligent.

      18.      As a direct and proximate result of the carelessness and negligence of the Defendant, Slingshot Sports LLC, Brian Donnelly suffered pre-impact fright and suffered and, for the remainder of his life, will suffer severe and permanent bodily injury, physical pain and suffering, mental anguish, emotional injury and trauma, disfigurement, humiliation, inconvenience, physical impairment, economic damages including medical and other expenses, lost wages, lost earnings capacity, and other related injuries and harms.

19. All of Brian Donnelly's injuries and damages were caused by the wrongful acts and omissions of the Defendant, Slingshot Sports LLC, without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Brian Donnelly, hereby demands judgment against Defendant, Slingshot Sports LLC, for compensatory damages in the amount of Ten Million Dollars ($10,000,000) plus interest and the costs of this action.

### COUNT III: BREACH OF WARRANTY

20. Plaintiff, Brian Donnelly, hereby reasserts and incorporates by reference the statements and allegations in paragraphs 1 through 10 as if fully set forth herein.

21. Defendant, Slingshot Sports LLC, designed, developed, manufactured, tested, distributed, and sold the Slingshot Fuel kiteboarding system and held it out to Brian Donnelly and other members of the general public as a safe kiteboard system, free of any defects that make it unreasonably dangerous for use in a reasonable, foreseeable, and anticipated manner in a manner – actions and representations that created and amounted to implied warranties of merchantability and fitness for a particular purpose.

22. Defendant, Slingshot Sports LLC, breached its implied warranties of merchantability and fitness for a particular purpose with respect to its Slingshot Fuel kiteboarding system because it was sold in a defective and unreasonably dangerous condition without incorporating adequate safety mechanisms or release systems to allow users or operators of the kiteboarding system to depower or collapse their kites to prevent injuries in

foreseeable lift-off or lofting situations or adequate safety mechanisms or release systems to allow the users or operators of the kiteboarding system to release or disconnect themselves from the bar to prevent injures in foreseeable lift-off or lofting situations and/or did not give adequate and complete warnings to purchasers, operators, and users about the dangers, hazards, or injury producing potential of lift-off or lofting situations or the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations.

23. At all times relevant to this action, including the time it designed, manufactured, and sold the Slingshot Fuel kiteboarding system and before and at the time when Brian Donnelly used the Slingshot Fuel on August 21, 2004, Defendant, Slingshot Sports LLC, knew or should have known that it was defective and unreasonably dangerous based upon the information known or knowable to it.

24. As a direct and proximate result of the actions or omissions of Defendant, Slingshot Sports LLC, in breaching its implied warranties of merchantability and fitness for a particular purpose with respect to its Slingshot Fuel kiteboarding system, Brian Donnelly suffered pre-impact fright and suffered and, for the remainder of his life, will suffer severe and permanent bodily injury, physical pain and suffering, mental anguish, emotional injury and trauma, disfigurement, humiliation, inconvenience, physical impairment, economic damages including medical and other expenses, lost wages, lost earnings capacity, and other related injuries and harms.

WHEREFORE, Plaintiff, Brian Donnelly, hereby demands judgment against Defendant, Slingshot Sports LLC, for compensatory damages in the amount of Ten Million Dollars ($10,000,000) plus interest and the costs of this action.

Respectfully submitted,

_____
Paul D. Bekman
Gregory G. Hopper
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian Donnelly | Slingshot Sports, LLC |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gregory G. Hopper, Esquire<br>Salsbury, Clements, Bekman, Marder & Adkins<br>300 W. Pratt Street, Suite 450<br>Baltimore, Maryland 21201 | ATTORNEYS (IF KNOWN) |
|---|---|

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2007 JUL 24  P 3: 1
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government Plaintiff (U.S. Government Not a Party)
3  Federal Question
2  U.S. Government Defendant
X  4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | X 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| A. Antitrust | B. Personal Injury/Malpractice | C. Administrative Agency Review | D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>X 345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | 151 Medicare Act<br><br>Social Security:<br>861 HIA ((1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g)<br>864 SSID Title XVI<br>865 RSI (405(g)<br>Other Statutes<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| E. General Civil (Other) | OR | F. Pro Se General Civil |
|---|---|---|

| Real Property | Bankruptcy | Forfeiture/Penalty | 470 Racketeer Influenced & Corrupt Organizations |
|---|---|---|---|
| 210 Land Condemnation | 422 Appeal 28 USC 158 | 610 Agriculture | 480 Consumer Credit |
| 220 Foreclosure | 423 Withdrawal 28 USC 157 | 620 Other Food &Drug | 490 Cable/Satellite TV |
| 230 Rent, Lease & Ejectment | | 625 Drug Related Seizure of Property 21 USC 881 | 810 Selective Service |
| 240 Torts to Land | Prisoner Petitions | 630 Liquor Laws | 850 Securities/Commodities/ Exchange |
| 245 Tort Product Liability | 535 Death Penalty | 640 RR & Truck | 875 Customer Challenge 12 USC 3410 |
| 290 All Other Real Property | 540 Mandamus & Other | 650 Airline Regs | 900 Appeal of fee determination under equal access to Justice |
| | 550 Civil Rights | 660 Occupational Safety/Health | |
| Personal Property | 555 Prison Condition | 690 Other | 950 Constitutionality of State Statutes |
| 370 Other Fraud | | | |
| 371 Truth in Lending | Property Rights | | 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| 380 Other Personal Property Damage | 820 Copyrights | | |
| 385 Property Damage Product Liability | 830 Patent | Other Statutes | |
| | 840 Trademark | 400 State Reapportionment | |
| | | 430 Banks & Banking | |
| | Federal Tax Suits | 450 Commerce/ICC Rates/etc. | |
| | 870 Taxes (US plaintiff or defendant | 460 Deportation | |
| | 871 IRS-Third Party 26 USC 7609 | | |

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| 530 Habeas Corpus-General | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) | 895 Freedom of Information Act | 152 Recovery of Defaulted Student Loans (excluding veterans) |
| 510 Motion/Vacate Sentence | | 890 Other Statutory Actions (if Privacy Act) | |
| | *(If pro se, select this deck)* | *(If pro se, select this deck)* | |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| 710 Fair Labor Standards Act | 441 Voting (if not Voting Rights Act) | 110 Insurance | 441 Civil Rights-Voting (if Voting Rights Act) |
| 720 Labor/Mgmt. Relations | 443 Housing/Accommodations | 120 Marine | |
| 730 Labor/Mgmt. Reporting & Disclosure Act | 444 Welfare | 130 Miller Act | |
| 740 Labor Railway Act | 440 Other Civil Rights | 140 Negotiable Instrument | |
| 790 Other Labor Litigation | 445 American w/Disabilities Employment | 150 Recovery of Overpayment & Enforcement of Judgment | |
| 791 Empl. Ret. Inc. Security Act | 446 Americans w/Disabilities- Other | 153 Recovery of Overpayment of Veteran's Benefits | |
| | | 160 Stockholder's Suits | |
| | | 190 Other Contracts | |
| | | 195 Contract Product Liability | |
| | | 196 Franchise | |

V. ORIGIN
X 1 Original Proceeding   2 Removed from State Court   3 Remanded from Appellate Court   4 Reinstated or Reopened   5 Transferred from another district Litigation   6 Multi district   7 Appeal to District Judge (specify) from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $10,000,000.00 Check YES only if demanded in complaint JURY DEMAND: X YES  NO |
|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ___  X NO  If yes, please complete related case form. |
|---|---|---|

DATE 7/24/07    SIGNATURE OF ATTORNEY OF RECORD  *Gregory G. Hopp* /s/

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.