IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN DONNELLY** | * | |
|     **Plaintiff** | * | |
| v. | * | Case No.:  1:07-cv-01965-RDB |
| **SLINGSHOT SPORTS, LLC** | * | |
|     **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE**

    Defendant, Slingshot Sports, LLC, by counsel, Anthony D. Dwyer and the Law Offices of Austin W. Brizendine, Jr., respectfully moves to dismiss this case for lack of personal jurisdiction or, alternatively, to transfer venue.  In support of the foregoing Motion is the attached Memorandum of Law.

/s/  Anthony D. Dwyer_____
Anthony D. Dwyer, Bar #07397
Law Offices of Austin W. Brizendine, Jr.
6011 University Boulevard
Suite 480
Ellicott City, MD  21043
(410) 720-4672
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2007, a copy of the foregoing **Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue and Memorandum of Law in Support of Motion to Dismiss** was electronically served and mailed, postage prepaid, to:

Paul D. Bekman, Esquire
Gregory G. Hopper, Esquire
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland  21201
*Attorneys for Plaintiff*

                                                       /s/  Anthony D. Dwyer
                                                       Anthony D. Dwyer, Bar #07397

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN DONNELLY** | * | |
| **Plaintiff** | * | |
| v. | * | Case No.: 1:07-cv-01965-RDB |
| **SLINGSHOT SPORTS, LLC** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE**

Defendant, Slingshot Sports, LLC ("Slingshot"), by counsel, Anthony D. Dwyer and the Law Offices of Austin W. Brizendine, Jr., respectfully moves this Court to dismiss this case for lack of personal jurisdiction or, alternatively, to transfer venue to Delaware. This case involves an accident involving a kiteboard which was being used in the state of Delaware, not Maryland. This Defendant does not do business in Maryland; it does business in Delaware. There are no minimum contacts with the state of Maryland and, as all witnesses are in Delaware, it makes sense to have the matter heard in Delaware. For these reasons, it is respectfully requested that the Court dismiss the case for lack of personal jurisdiction or, alternatively, transfer the case to Delaware.

**I.     Statement of Relevant Facts.**

Plaintiff's Complaint alleges that Plaintiff, Brian Donnelly, was injured on August 21, 2004 on the navigable waters off the coast of Dewey Beach, Delaware. Plaintiff alleges that he

sustained injury while he was using a Slingshot fuel kiteboarding system developed by Defendant Slingshot.

Paragraph 3 of the Complaint alleges that Slingshot is a limited liability company organized and existing under the laws of the State of Washington that designs, manufactures, assembles, distributes, and sells kiteboarding and other maritime recreational equipment traditionally used on navigable waters. Plaintiff alleges jurisdiction under both admiralty and diversity of citizenship.

Specifically, Plaintiff alleges that while kiteboarding off the waters of the coast of Dewey Beach, Delaware, he was lofted high into the air by a gust of wind, carried back toward shore, and dropped with great force in a tidal marsh.

## II.      This Court Cannot Exercise Personal Jurisdiction over Slingshot.

It is blackletter law that a Federal court may not exercise personal jurisdiction over a defendant absent a showing of minimum contacts by the defendant with the forum state. International Shoe Company v. State of Washington, 326 U.S. 310 (1945).

As the attached Affidavit of Mr. Logosz, President of Slingshot, makes clear, Slingshot is a Washington corporation that does not do business in the State of Maryland. It has no retail operations in Maryland. It sells its products to a store located in Dewey Beach, Delaware but does not own the store and merely sells its products to the store owned by Mr. Dave Loop. Further, it does not advertise in the State of Maryland. There is no basis to exercise personal jurisdiction over Slingshot in the State of Maryland for an accident allegedly occurring in Delaware.

Typically, for admiralty claims the issue of jurisdiction is properly determined where the tort occurred under the strict locality rule. Moore's Federal Practice and Procedures, §703.05 at 703-42.

### III. Alternatively, Venue is Proper in Delaware and not Maryland.

Lawsuits filed under both admiralty and diversity jurisdiction are subject to venue rules. Moore's Federal Practice and Procedures, §704.03[2] and §704-52. Accordingly, §28 U.S.C. §1391, et seq., applies. A corporate defendant is subject to venue in any jurisdiction in which it is subject to personal jurisdiction. §1391(c). Here, since Slingshot is not subject to personal jurisdiction in Maryland, it does not reside in Maryland, and venue is not proper in Maryland.

Even were Slingshot deemed to be a resident of Maryland, the Court, in the interest of justice, in its discretion, may transfer any civil action to any other district or division where it might have been brought. The doctrine of *forum non conveniens* applies to this case. Moore's Federal Practice and Procedures, §703.06(4) and §703-69. It is also appropriate to consider a motion for discretionary change of venue. Moore's Federal Practice and Procedures, §704.03(9) and §704-622.

In the present case, all ambulance and police personnel and witnesses would be located in Dewey Beach, Delaware. It makes sense that the matter be heard in Delaware and it should be transferred to Delaware both on the grounds of improper venue and *forum non conveniens*.

### IV. Conclusion.

For all of the foregoing reasons, this matter should be dismissed for lack of personal jurisdiction or, alternatively, transferred to Delaware on grounds of improper venue.

        Respectfully submitted,


        /s/  Anthony D. Dwyer_____
        Anthony D. Dwyer, Bar #07397
        Law Offices of Austin W. Brizendine, Jr.
        6011 University Boulevard
        Suite 480
        Ellicott City, MD  21043
        (410) 720-4672
        *Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN DONNELLY** | * | |
| **Plaintiff** | * | |
| v. | * | Case No.:  1:07-cv-01965-RDB |
| **SLINGSHOT SPORTS, LLC** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue, it is this _____ day of _____, 2007, by the United States District Court for the District of Maryland, hereby

ORDERED, that the Motion is hereby GRANTED and the case is hereby dismissed for lack of personal jurisdiction.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies to be mailed to:

Paul D. Bekman, Esquire
Gregory G. Hopper, Esquire
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland  21201

Anthony D. Dwyer, Esquire
Law Offices of Austin W. Brizendine, Jr.
6011 University Boulevard
Suite 480
Ellicott City, MD  21043

08/29/2007  09:36    5094934375                    SLINGSHOT                              PAGE  01

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN DONNELLY                     *

    Plaintiff                  *

v.                                 *    Case No.: 1:07-cv-01965-RDB

SLINGSHOT SPORTS, LLC              *

    Defendant                  *

* * * * * * * * * * * * * * * * * * * * * * * * *

### AFFIDAVIT OF JEFF LOGOSZ

1. I, Jeff D. Logosz, am competent to testify.

2. I am the President of Slingshot Sports, LLC. Slingshot Sports, LLC is a limited liability company registered in the State of Washington.

3. Slingshot Sports, LLC does not have any retail outlets in the State of Maryland.

4. Slingshot Sports, LLC does not currently and has never advertised in the State of Maryland.

5. Slingshot Sports, LLC's products are sold by H2 Air Kites which is located in Dewey Beach, Delaware. This store is owned by Dave Loop and is not owned by Slingshot Sports, LLC.

6. Slingshot Sports, LLC does not currently do business in Maryland.

                                                       _/s/ Jeff D. Logosz_
                                                       Jeff D. Logosz

                                                       President of Slingshot Sports, LLC

## Notary Certificate

STATE OF _Washington_   :

COUNTY/CITY OF _Skamania_   :

I hereby certify that on the _29TH_ day of _August_, 2007, before me, the subscriber, a notary public of the State of _WASHINGTON_, in and for the county/city of _Skamania_, personally appeared Jeff D. Logosz and made oath in due form of law that the matters and facts set forth in the foregoing Affidavit are true to the best of his knowledge, information and belief.

As witness my hand and notarial seal,

_Amy Price_
Notary Public

AMY PRICE
NOTARY PUBLIC
STATE OF WASHINGTON
My Commission Expires
JULY 1, 2010

My Commission expires: _July 1, 2010_

Case 1:08-cv-00082-JJF   Document 5-2   Filed 08/30/2007   Page 3 of 3