IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN DONNELLY                        *

    Plaintiff                          *

v.                                    *    Case No. 1:07-CV-01965-RDB

SLINGSHOT SPORTS LLC                  *

    Defendant                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE

Plaintiff, Brian Donnelly, by and through his attorneys, Paul D. Bekman, Gregory G. Hopper, and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., hereby files his Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue filed by Defendant, Slingshot Sports LLC, and, in support thereof, states as follows:

### I.   INTRODUCTION

Brian Donnelly was seriously injured on August 21, 2004 while using a 2004 Slingshot Fuel kiteboarding system designed, manufactured, and sold by Slingshot Sports. Mr. Donnelly is a Maryland resident and was using the kiteboarding system in Delaware at the time of his injury. Slingshot is a Washington corporation that sells its products through its website, by telephone, and authorized dealers.

In response to Mr. Donnelly's complaint, Slingshot filed a Motion to Dismiss or, Alternatively, to Transfer Venue. In its Motion, Slingshot asserts that it does not do business in Maryland or direct its products here. See Mot. to Dism. at 1-2. It also alleges that its products are sold through an authorized dealer, Dave Loop and H2Air in Dewey Beach, Delaware. See id. at 2.

As outlined in more detail below, Mr. Donnelly has reason to believe that Slingshot is subject to personal jurisdiction in Maryland because it solicits business and derives substantial revenue from products used and consumed here. However, Mr. Donnelly needs to be able to conduct a brief period of discovery – 60 days – to obtain documents and take a deposition of a Slingshot designee to address the assertions made by Slingshot in its Motion. Specifically, Mr. Donnelly intends to focus his discovery on three subject areas:

1. Slingshot's business relationship and contractual agreement with Dave Loop and H2 Air Kites;

2. Slingshot's participation in demonstrations, competitions, promotions, and events in Maryland in the last seven years; and

3. The sale of Slingshot's products – kites, kiteboards, wakeboards, kiteboarding equipment, wakeboarding equipment, bags, hats, clothing, DVDs, stickers, bean bags, and other products – to Maryland residents from its website or telephone system in the last seven years.

Counsel for both sides have discussed this matter by telephone and there is every reason to believe that the limited discovery requested could be conducted in short order. Mr. Donnelly states that after gathering this information, he will either file a supplemental Opposition addressing the substance of the arguments Slingshot advances or consent to a

transfer to the United States District Court for Delaware. He asks the Court for that opportunity.

## II.     LEGAL STANDARD

A federal district court may exercise personal jurisdiction over a nonresident defendant if the state's long-arm statute confers jurisdiction and the assertion of jurisdiction is consistent with constitutional due process. See Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993). In Maryland, this inquiry merges because §6-103 of the Courts and Judicial Proceedings Article of the Annotated Code has been said to extend to the limits of the Due Process Clause. See ALS Scan, Inc. v. Digital Serv. Consultants, 293 F.3d 707, 710 (4th Cir. 2002).

Under Maryland's long-arm statute, "[a] court may exercise personal jurisdiction over a person, who directly or by an agent:

(1)     Transacts any business or performs any character of work or service in the State;

(2)     Contracts to supply goods, food, services, or manufactured products in the State;

(3)     Causes tortious injury in the State by an act or omission in the State;

(4)     Causes tortious injury in the State or outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State . . . .

Md. Code Ann., Cts. & Jud. Proc., § 6-103.

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 396 (4th Cir. 1989). In resolving such a motion, the judge can hold an evidentiary hearing or rely on the complaint, affidavits, and discovery materials. See Dring v. Sullivan, 423 F.Supp.2d 540, 543(D.Md. 2006).

### III. ARGUMENT

Slingshot argues, based upon an affidavit from Jeff Logosz, that it does not have any retail outlets in Maryland, advertise in Maryland, or conduct business in Maryland and that its business in this region is conducted through an authorized dealer in Dewey Beach, Delaware, David Loop of H2 Air Kites. See Mot. to Dism. at 2. In effect, Slingshot asserts that its business is limited to Delaware and it does not solicit business or derive revenue from products used or consumed in Maryland.

Mr. Donnelly has not had an opportunity to conduct discovery in this case. However, he believes that Slingshot, through its authorized dealer, David Loop and H2Air, solicits business and derives revenue from products used or consumed in Maryland. As the Court is likely aware, Dewey Beach, Delaware, the location of Slingshot's authorized dealership, is only 15 miles from the Maryland border and Maryland's beaches. See Mapquest Driving Directions, attached hereto as **Exhibit 1**. Because of its location, and the lack of other

kiteboarding dealers in the region, Slingshot's authorized dealership regularly draws in customers from Maryland and beyond. As Slingshot's dealer states on his website, h2air.com, he opened the dealership "to address the demand for [kiteboarding] instruction in the Mid-Atlantic." See H2Air Kiteboarding Lessons Program Webpage, attached hereto as **Exhibit 2**. While Slingshot may or may not advertise in Maryland, it is clear that its authorized dealer is attempting to drum-up business and sell its products to people in Maryland and beyond. On his website, Slingshot's dealer states that he regularly conducts seminars and demonstrations outside of Dewey Beach, explaining that he "has been on the road teaching [kiteboarding] clinics and lessons all over the east coast for 9 years." Id. Moreover, his site refers to news coverage in The Baltimore Sun, Washington Post, and other periodicals that are widely read in Maryland. See id.

Mr. Donnelly respectfully requests a brief opportunity to test the conclusory assertions made by Mr. Logosz in his affidavit and cited by Slingshot in its Motion. Specifically, he asks for an opportunity to obtain documents and depose a designee from Slingshot before ruling on the pending Motion on three topics:

1. Slingshot's business relationship and contractual agreement with Dave Loop and H2 Air Kites;

2. Slingshot's participation in demonstrations, competitions, promotions, and events in Maryland in the last seven years; and

3. The sale of Slingshot's products – kites, kiteboards, wakeboards, kiteboarding equipment, wakeboarding equipment, bags, hats, clothing, DVDs, stickers, bean bags, and other products – to Maryland residents from its website or telephone system in the last seven years.

It should not take long – approximately 60 days – to conduct this discovery and, based upon the information received, Mr. Donnelly will either file a supplemental Opposition addressing the substance of the arguments Slingshot advances in its Motion or simply consent to a transfer to the United States District Court for Delaware.[1]

WHEREFORE, Plaintiff, Brian Donnelly, hereby requests the Court give him 60 days to conduct discovery on the matters raised in his Opposition or, alternatively, to deny the Motion to Dismiss or, Alternatively, to Transfer filed by Defendant, Slingshot Sports, LLC.

Respectfully submitted,

PDB (ocd)
_____
Paul D. Bekman
Gregory G. Hopper (Bar No. 26150)
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

---

[1] Slingshot's Motion deals with transfer in a very cursory matter and the Court should not transfer the case based upon the record presented. If it does consider the issue, Mr. Donnelly asks the Court to refuse transfer for three reasons. First, Slingshot has not given this Court any reason to believe that any witness likely to be called at trial in this case would be inconvenienced by a trial in Maryland. While Slingshot states that a trial here would be unfair to the "ambulance and police personnel and witnesses" in Delaware, this case will focus on the design of the Slingshot kiteboard and its safety mechanisms, not a description of Mr. Donnelly's injuries by emergency responders. Second, if medical testimony of this sort will be important, then Mr. Donnelly's physicians in Maryland – much more important witnesses on this topic – in would clearly find a trial here more convenient. Third, Mr. Donnelly would be inconvenienced by a trial in Delaware. While Slingshot is based in Washington and would not be any more inconvenienced by a trial in Maryland than one in Delaware, Mr. Donnelly, as a Maryland resident, would be greatly impacted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2007, a copy of the foregoing Opposition to Motion to Dismiss or, Alternatively, to Transfer Venue was electronically served and mailed, postage prepaid, to:

>Anthony D. Dwyer
>Law Offices of Austin W. Brizedine, Jr.
>6011 University Boulevard, Suite 480
>Ellicott City, Maryland 21043

-------------------------------
Gregory G. Hopper

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN DONNELLY                              *

    Plaintiff                              *

v.                                          *       Case No. 1:07-CV-01965-RDB

SLINGSHOT SPORTS LLC                        *

    Defendant                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REQUEST FOR HEARING

Plaintiff, Brian Donnelly, by and through his attorneys, Paul D. Bekman, Gregory G. Hopper, and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., hereby requests a hearing on the Motion to Dismiss or, Alternatively, to Transfer filed by Defendant, Slingshot Sports LLC.

Respectfully submitted,

_____
Paul D. Bekman
Gregory G. Hopper
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN DONNELLY                              *

    Plaintiff                                 *

v.                                          *       Case No. 1:07-CV-01965-RDB

SLINGSHOT SPORTS LLC                        *

    Defendant                                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Upon consideration of the Motion to Dismiss or, Alternatively, to Transfer filed by Defendant, Slingshot Sports LLC, and the Opposition filed by Plaintiff, Brian Donnelly, it is, on this _____ day of _____, 2007, hereby ORDERED that the Motion to Dimiss be, and hereby is, STAYED for 60 days so that Plaintiff, Brian Donnelly, can conduct discovery as identified in his Opposition.

 

_____
Judge, United States District Court for Maryland

# EXHIBIT 1

Case 1:08-cv-00082-JJF   Document 6-2   Filed 09/14/2007   Page 1 of 3

 **Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.



**START** Dewey Beach, DE US    **END** Fenwick Island, DE US

**Total Est. Time:**          **Total Est. Distance:**
23 minutes                    16.22 miles

| Maneuvers | | Distance |
|---|---|---|
| **START** | **1:** Start out going SOUTH on DE-1 S toward MCKINLEY ST. | 16.1 miles |
|  | **2:** Make a U-TURN at FARMINGTON ST onto COASTAL HWY / DE-1 N. | <0.1 miles |
| **END** | **3:** End at **Fenwick Island, DE US** | |

**Total Est. Time:** 23 minutes    **Total Est. Distance:** 16.22 miles



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for loss or delay resulting from such use.

# EXHIBIT 2



**H2air Kiteboarding**
Lessons | Sales | Service

| Boards | Kites | Bags | Bars | Pumps | Dvds | Harnesses | Acces |

My name is Dave Loop I have been coaching kiteboarding since 1998. I have been on the road teaching clinics and lessons all over the east coast for 9 years and have more certifications than you are even available anymore. I have taught over 2000 lessons in this period of time. Most of these lessons in the early years were to new kiteboarding retailers or shop owners. The rest of these lessons have been students that have come through our lesson center. H2airs lesson program has been written about in dozens of publications including the Washington Post, Delaware Today, Baltimore Sun, Mens Journal and more..

I opened H2air as a lesson center in 2003 to address the demand for instruction in the mid-atlantic. Over the years kiting has grown rapidly as a sport. As this happened kiting has become a mainstream sport, and thus a lot of "mainstream" lesson programs have appeared. As a result of this I feel that the quality of kiteboarding lessons in the industry has suffered immensely.

At H2air Kiteboarding my goal is to teach you how to kiteboard. My goal is not to bleed you for time flying a trainer kite for days on end, nor is it to make you do body drags until you are coughing up fish.  I have had numerous students that come from other kiteboarding programs that have had 5 or six lessons (20) hours in some cases and still can't land or launch a kite safely. If you are crashing your kite constantly in a lesson something is wrong. If the school your going to is doing this to you they are wasting your time and your $$.

H2air is not a discount lesson center. If you are looking to cut corners or you think you are saving money with a cheap alternative look elsewhere. What I teach you here will make you a safer kiter, and will ultimately save you money in the long run.

Learn right, have fun, leave happy!

Sincerely
Dave Loop



## NEW
We are now using **HEADZONE** communications systems in our private lessons. This powerful new system helps us work with you directly. It is safer, and saves time. This helps you learn to kiteboard more efficiently. This saves you money and helps you get more out of your lesson. We are one of the few schools in the USA with this system.

## LESSONS
**Weekday $100 an hour per person**
**Weekend $150 an hour per person**
Minimum (2) hour session
No weekends Memorial Day to Labor Day
My lessons are in depth and and to the point. I will go through as much as you are able to absorb. Quality, safety and understanding is the objective to my lessons. I want you to leave feeling comfortable and confident. **Most lessons are generally (3) hours long.** This seems to be the magic number for most new kiters to understand what is going on. **All gear is included with the exception of footware and wetsuits.** Please read through our lesson program in the yellow column. It goes over all of the skills we will try to cover. Some students take longer some learn faster. You will not leave this lesson disappointed, and you will definitely have a great time.





**POWERED KITEBOARDING LESSON CENTER**

## WIND DIRECTION AND SPEED

Wind direction and the strength of the wind plays a major role in us being able to do your lesson. In Dewey Beach we only do lessons with a S,SW,or NW wind direction and in less than 18mph of wind. If the wind is west it is directly onshore at our lesson area. Direct onshore wind makes for a difficult lesson because you end up getting too close to the beach too quickly. If the wind has an easterly flow it will also make for a very difficult lesson. The east wind creates a lot of turbulence and unpredictable gusts and lulls. The reason for this is that the wind comes over the peninsula from the ocean. The temperature of the land and obstruction of the land mass causes the instability and therefor makes your lesson more like riding a rodeo bull rather than a kite.