IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN DONNELLY** | * | |
| **Plaintiff** | * | |
| v. | * | Case No.: **1:07-cv-01965-RDB** |
| **SLINGSHOT SPORTS, LLC** | * | |
| **Defendant** | * | |

\* * * * * * * * * * * * * * * * * * * * * * * * *

## REPLY TO OPPOSITION TO MOTION TO DISMISS

Defendant, Slingshot Sports, LLC ("Slingshot"), by counsel, Anthony D. Dwyer and the Law Offices of Austin W. Brizendine, Jr., respectfully replies to Plaintiff's Opposition to its Motion to Dismiss. Plaintiff has not set forth one reason why the Motion should not be granted. Plaintiff has not refuted any of the assertions in the Affidavit of Mr. Logosz. Instead, Plaintiff has asserted that it "has reason to believe" that Slingshot is subject to personal jurisdiction in Maryland because it "solicits business and derives substantial revenue from products used and consumed here." Thereafter, Plaintiff fails to specify any revenue derived by Defendant or any other basis for the assertions that Slingshot is subject to personal jurisdiction in Maryland. Plaintiff's assertions are groundless.

Plaintiff also contends that Dewey Beach, Delaware is close to Maryland. That may well be true, but that is irrelevant to the issue of whether or not this Court may exercise jurisdiction over Slingshot. Remember that Slingshot distributes its products in Dewey Beach, Delaware, but it is not present in Dewey Beach, Delaware or in Maryland. The unrefuted Affidavit establishes that Slingshot does not advertise in Maryland.

Next, Plaintiff appends some pages from H2Air Kiteboarding Lessons Program webpage. This is irrelevant for several reasons. First and foremost, this is not Slingshot's website. It is another entity's website that is not a party to the lawsuit. In all events, the information quoted from the website would not even be a basis to assert Maryland jurisdiction over H2Air. However, Plaintiff has not sued H2Air; he has sued Slingshot. The issue of whether or not this Court could exercise jurisdiction over H2Air or Dave Loop is irrelevant to whether or not this Court can exercise personal jurisdiction over Slingshot.

Plaintiff does not even address the argument that the case should be transferred to Delaware because that is where the witnesses are. Instead, Plaintiff argues that the case will focus on expert testimony relating to the design of the kiteboards without advancing any reason why Maryland would be a more appropriate venue for an expert battle. Plaintiff's argument that the Plaintiff's incident in Delaware is not crucial is not persuasive. Plaintiff clearly assumed the risk, or was contributorily negligent. Also, Plaintiff went to the emergency room in Delaware and a hospital in Delaware. Delaware jurors are likely to be more familiar with the setting where the incident occurred. There is no compelling reason that the case should be in Maryland and many reasons why it should be in Delaware.

The thrust of Plaintiff's Opposition is that he wants to undertake "limited" discovery on the issue of jurisdiction. However, Plaintiff proposes a broad fishing expedition covering 60 days. Defendant would not oppose a brief telephone deposition of its President, Mr. Logosz, on the issue of jurisdiction only, but would oppose all other requested discovery.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the Court grant the Motion to Dismiss or, in the Alternative, to Transfer Venue to Delaware.

        Respectfully submitted,

        /s/ Anthony D. Dwyer
        Anthony D. Dwyer, Bar #07397
        Law Offices of Austin W. Brizendine, Jr.
        6011 University Boulevard
        Suite 480
        Ellicott City, MD 21043
        (410) 720-4672
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of September, 2007, a copy of the foregoing **Reply to Opposition to Motion to Dismiss** was electronically served and mailed, postage prepaid, to:

Paul D. Bekman, Esquire
Gregory G. Hopper, Esquire
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
*Attorneys for Plaintiff*

        /s/ Anthony D. Dwyer
        Anthony D. Dwyer, Bar #07397