**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRIAN DONNELLY | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:07-CV-01965-RDB |
| SLINGSHOT SPORTS LLC | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S SECOND OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiff, Brian Donnelly, by and through his attorneys, Paul D. Bekman, Gregory G. Hopper, and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., hereby files his Second Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue filed by Defendant, Slingshot Sports LLC, and, in support thereof, states as follows:

1. Brian Donnelly was seriously injured on August 21, 2004 while using a 2004 Slingshot Fuel kiteboarding system designed, manufactured, and sold by Slingshot Sports. Mr. Donnelly is a Maryland resident and was using the kiteboarding system in Delaware at the time of his injury. Slingshot is a Washington corporation that sells its products through its website, by telephone, and authorized dealers.

2. In response to Mr. Donnelly's complaint, Slingshot filed a Motion to Dismiss or, Alternatively, to Transfer Venue. In its Motion, Slingshot asserts that it does

not do business in Maryland or direct its products here. See Mot. to Dism. at 1-2. It also alleges that its products are sold through an authorized dealer, Dave Loop and H2Air in Dewey Beach, Delaware. See id. at 2.

3. In early December, counsel for Plaintiff and Defendant spoke with the Court about the pending Motion and it was agreed that discovery would be conducted on the issues contained therein. Defendant agreed to produce documents relevant to this issue and put a designee up for deposition.

4. On December 6, 2007, Plaintiff served discovery requests on Defendant and sent a cover letter asking for dates for deposition of a corporate representative to testify on the issues contained in the Motion.

5. When Plaintiff did not hear back about deposition dates, his attorney sent a second letter on December 19, 2007 noting a deposition for a designee on January 5, 2008. The deposition was to take place by telephone. See letter dated December 19, 2007, attached hereto as Exhibit 1.

6. Defendant never responded to Plaintiff's Notice – it did not identify the location where the deposition could take place nor give a telephone number where the designee could be reached.

7. Plaintiff's efforts to contact Defendant's counsel have not yielding any explanation for his lack of response.

8. Plaintiff asks that the Court take one of two actions: (1) deny Defendant's Motion based upon its failure to cooperate in discovery on the issues contained therein or

(2) delay ruling on the Motion until January 25, 2008 and order Defendant to produce one or more designees for deposition by Plaintiff on January 18, 2008 at 2:00 p.m. EST at the office of Salsbury, Clements, Bekman, Marder & Adkins in Baltimore (unless the parties come to another agreement and all of the necessary contact information is provided to Plaintiff).

    Respectfully submitted,

_____/s/_____
Gregory G. Hopper (Bar No. 26150)
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

December 19, 2007

<u>Via Facsimile and Mail</u>
Anthony D. Dwyer, Esquire
Law Offices of Austin W. Brizedine, Jr.
6011 University Boulevard, Suite 480
Ellicott City, Maryland 21043
Facsimile No. (410) 720-4645

    **RE:   Brian Donnelly v. Slingshot Sports, LLC**

Dear Mr. Dwyer:

    I haven't heard from you in response to my December 6, 2007 letter and presume that you agree (as we discussed with the Court) to produce documents responsive to my request by tomorrow afternoon.

    To avoid any issues, I am enclosing a Notice of Deposition for a Slingshot designee on January 4, 2008 at 2:00 p.m. EST (it's the last date I provided in my letter). As I explained in my previous letter and today in a telephone message, the designee will be asked about Slingshot's efforts to obtain all of the documents identified in the Request for Production of Documents and the topics identified therein.

    Thank you for your cooperation.

                              Very truly yours,

                              Gregory G. Hopper

Enclosure.