IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN DONNELLY, | * |
| | * C.A. No. 08-cv-82 JJF |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| SLINGSHOT SPORTS LLC, | * |
| | * |
| Defendant. | * |

## MOTION OF DEFENDANT, SLINGSHOT SPORTS LLC, TO DISMISS

Defendant, Slingshot Sports LLC, by and through its counsel, Marshall, Dennehey, Warner, Coleman and Goggin, respectfully moves this Honorable Court to enter the attached Order, dismissing Plaintiff's Complaint for the reasons set forth in the Memorandum of Points and Authorities.

    MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN
/s/ THOMAS J. GERARD
THOMAS J. GERARD, ESQ. (#2959)
KIMBERLY MEANY, ESQ. (#4740)
1220 Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4303
Attorneys for Defendant.

DATED: April 22, 2008

15/610202.v1

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of

**MOTION OF DEFENDANT, SLINGSHOT SPORTS LLC, TO DISMISS,** in the above-captioned matter on this date, by electronic filing method to:

Michael James Logullo, Esq.
Morgan, Shelsby & Leoni
221 Main Street
Stanton, DE 19804

                        MARSHALL, DENNEHEY, WARNER,
                            COLEMAN & GOGGIN
                        /s/ THOMAS J. GERARD
                        THOMAS J. GERARD, ESQ (#2959)
                        KIMBERLY MEANY, ESQ. (#4740)
                        1220 Market Street, 5th Fl.
                        P.O. Box 8888
                        Wilmington, DE 19899-8888
                        (302) 552-4303
                        Attorneys for Defendant.

DATED: April 22, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN DONNELLY, | * |
| | * C.A. No. 08-cv-82 JJF |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| SLINGSHOT SPORTS LLC, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF ADMIRALTY JURISDICTION[1]**

Defendant, Slingshot Sports LLC, by and through its undersigned counsel, hereby moves this Honorable Court to enter the attached Order, dismissing this case for lack of subject matter jurisdiction and, in support thereof, respectfully avers as follows:

1.      Plaintiff filed a Complaint on July 24, 2007 naming Slingshot Sports LLC as a defendant. D.I. 1. He alleges he was injured on August 21, 2004 when he was using the Slingshot Fuel 15 kite with a Slingshot Profire bar he owned in the navigable waters off the coast of Dewey Beach, Delaware when he was lofted into the air by a gust of wind, carried back towards the shore, and dropped in a tidal marsh. D.I. 1. Plaintiff has brought suit in admiralty against Slingshot Sports LLC for strict liability, negligence, and breach of warranty.

2.      The judicial power of the United States extends "to all Cases of admiralty and maritime Jurisdiction; …" U.S. Constitution, Art. III, §2. Congress has conferred original jurisdiction on the district courts of "any civil case of admiralty or maritime jurisdiction, …" through 28 *U.S.C.* § 1333(1). A cause of action sounding in tort is not cognizable under

---

[1] Pursuant to Local Rule 7.1.2, Defendant submits this Memorandum of Points and Authorities in lieu of an Opening Brief. Defendant reserves the right to file a Reply Brief.

admiralty jurisdiction unless the alleged wrong occurs on navigable waters and bears a significant relationship to traditional maritime activity. <u>Executive Jet Aviation, Inc. v. City of Cleveland</u>, 409 U.S. 249 (1972). The accident in question did not arise out of "traditional maritime activity."

To satisfy the locality requirement, the plaintiff must show the accident took place on a vessel in navigable waters. <u>Grubart, Inc. v. Great Lakes Dredge & Dock</u>, 513 U.S. 527, 534-35 (1995). Congress defined the term vessel in 1 *U.S.C.* § 3 to include "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." It is clear from the analysis set forth in <u>Foremost Ins. Co. v. Richardson</u>, 457 U.S. 668 (1982), that the "capable of being used as a means of transportation" element is integral.

Here, the kiteboard does not meet the definition of "vessel" for purposes of invoking maritime jurisdiction. The kiteboard was not used, or intended to be used, to carry freight or passengers from one place to another, and was not an instrument of navigation or commerce. Plaintiff has not alleged in the Complaint that the kiteboard was being used to transport passengers or any cargo at the time of his injury. It serves no transportation function whatever. There is no indication it was intended to transport personnel, equipment, passengers or cargo or that it has ever done so. Furthermore, the mere assertion the kiteboard may be capable of serving as a means of transportation, which is denied, is not determinative of vessel status if it was not so used at the time of plaintiff's injury. <u>Ketzel v. Mississippi Riverboat Amusement</u>, 867 F. Supp. 1260, 1263 (S. D. Miss. 1994). Accordingly, the Court must find the kiteboard is not a vessel for purposes of invoking federal admiralty and maritime jurisdiction.

3.  Next, the Court must address the legal question of whether the activity that gave rise to the injury is substantially related to traditional maritime activity. An allegation of navigational error is key to establish admiralty jurisdiction when dealing with small pleasure craft. Souther v. Thompson, 754 F.2d 151, 153 (4th Cir. 1985), *overruled in part by* Hogan v. Overman, 767 F.2d 1093 (4th Cir. 1985). In 1982 the Supreme Court decided Foremost, 457 U.S. 668 (1982) and emphasized the navigational aspect of the Executive Jet test as a significant factor in finding the existence of a traditional maritime activity. The court held:

> In light of the need for uniform rules governing *navigation*, the potential impact on maritime commerce when two vessels collide on navigable waters, and the uncertainty and confusion that would necessarily accompany a jurisdictional test tied to the commercial use of a given boat, we hold that a complaint alleging a collision between two vessels on navigable waters properly states a claim within the admiralty jurisdiction of the federal courts. 457 U.S. at 677 (emphasis added).

It is evident "there must be some relationship between the tort and traditional maritime activities …" *See* Executive Jet Aviation, 409 U.S. at 256. The Supreme Court's decisions in Executive Jet and Foremost indicate the indicia of maritime "flavor" are (1) the impact upon maritime shipping and commerce, (2) the desirability of a uniform national rule, and (3) the need for admiralty expertise. Swimming, *e.g.*, Rubin v. Power Authority of New York, 356 F. Supp. 1169 (W.N.Y. 1973); and water skiing, *e.g.*, Crosson v. Vance, 484 F.2d 840 (4th Cir. 1978) have been found not to be "traditional maritime" activities. Applying the foregoing definition of maritime activity, the maritime nexus required to justify admiralty jurisdiction is lacking in the instant cases. The tortious acts alleged in the complaint do not arise out of, or otherwise bear any connection to maritime activity despite its maritime locality.

The controversies in the present case do not arise out of navigation. There is no connection between the torts alleged, negligence[2], strict liability[3], and breach of warranty[4], and

---

[2] Plaintiff alleges that defendant, Slingshot Sports LLC, breached its duty and was careless and negligent in that it:

the maritime activities of commerce or navigation on navigable waters. Plaintiff's claims sound in strict liability, negligence, and breach of warranty against Slingshot Sports LLC. The activity giving rise to plaintiff's injuries, as alleged in plaintiff's Complaint, does not have a substantial

---

    a. failed to adequately and safely design, test, and manufacture the Slingshot Fuel kiteboarding system;
    b. failed to incorporate adequate safety mechanisms or release systems in the Slingshot Fuel kiteboarding system to allow users or operators to depower or collapse their kites to prevent injuries in foreseeable lift-off or lofting situations;
    c. failed to incorporate adequate safety mechanisms or release systems in the Slingshot Fuel kiteboarding system to allow the users or operators to release or disconnect themselves from the bar to prevent injuries in foreseeable lift-off or lofting situations;
    d. failed to provide adequate and complete warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the dangers, hazards, or injury producing potential of lift-off or lofting situations.
    e. failed to provide adequate and complete warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations; failed to provide adequate and complete post-sale warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the dangers, hazards, or injury producing potential of lift-off or lofting situations; failed to provide adequate and complete post-sale warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations; and failed to provide adequate and complete post-sale warnings to purchasers, operators, and/or users of the Slingshot Fuel kiteboarding system about the need to add adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations.

[3] Plaintiff alleges that defendant, Slingshot Sports LLC, designed, manufactured, assembled, distributed, sold, and placed the Slingshot Fuel kiteboarding system into the stream of commerce and when it was used by plaintiff in a reasonable, foreseeable, and anticipated manner, it was defective and unreasonably dangerous because it:
    a. was defectively designed;
    b. was defectively manufactured;
    c. did not incorporate adequate safety mechanisms or release systems to allow users or operators of the kiteboarding system to depower or collapse their kites to prevent injuries in foreseeable lift-off or lofting situations;
    d. did not incorporate adequate safety mechanisms or release systems to allow the users or operators of the kiteboarding system to release or disconnect themselves from the bar to prevent injuries in foreseeable lift-off or lofting situations;
    e. did not provide adequate or complete warnings to purchasers, operators, and/or users about the dangers, hazards, or injury producing potential of lift-off or lofting situations;
    f. did not provide adequate or complete to purchasers, operators, and/or users about the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations; and
    g. was otherwise defective and unreasonably dangerous.

[4] Plaintiff alleges that defendant, Slingshot Sports LLC, breached its implied warranties of merchantability and fitness for a particular purpose with respect to its Slingshot Fuel kiteboarding system because it was sold in a defective and unreasonably dangerous condition without incorporating adequate safety mechanisms or release systems to allow users or operators of the kiteboarding system to depower or collapse their kites to prevent injuries in foreseeable lift-off or lofting situations or adequate safety mechanisms or release systems to allow the users or operators of the kiteboarding system to release or disconnect themselves from the bar to prevent injuries in foreseeable lift-off or lofting situations and/or did not give adequate and complete warnings to purchasers, operators, and users about the dangers, hazards, or injury producing potential of lift-off or lofting situations or the need for adequate safety mechanisms or release systems to prevent injuries in foreseeable lift-off or lofting situations.

relationship to traditional maritime activity.[5] The activity plaintiff was engaged in when he lost control of his kiteboard is not traditionally maritime.

Moreover, the purpose behind the grant of admiralty jurisdiction was the protection and the promotion of the maritime shipping industry through the development and application, by neutral federal courts, of a uniform and specialized body of federal law. *See* Crosson, 484 F.2d 840 (4th Cir. 1973). The policy of imposing uniform rules of conduct on operators of vessels on navigable waters, noted by the Supreme Court, is simply not implicated in this case. *See* Foremost, 457 U.S. at 676. Clearly, the incident in question does not have an effect upon maritime shipping and commerce substantial enough to justify the exercise of the federal power. It did not involve an event or transaction which was a major concern of the shipping industry. Thus, there is no perceived need for a uniform national rule, which could only be provided by the federal sovereign. Furthermore, the activity in question was not one which provided the historical justification for admiralty jurisdiction.

Furthermore, unlike Foremost, the controversy in this case does not arise out of an alleged navigational error such as occurs when a pleasure craft collides with a swimmer, water skier, reef, or another vessel. Plaintiff has failed to make any factual allegations of a navigational error. The incident in question did not involve any type of collision nor did it have any impact upon commercial navigation in and around Dewey Beach. Because the controversy between the parties does not arise out of an alleged navigational error, admiralty jurisdiction does not exist.

---

[5] In Executive Jet Aviation, the Supreme Court, *inter alia*, noted the following:
> The law of admiralty has evolved over many centuries, designed and molded to handle problems of vessels relegated to ply the waterways of the world, beyond whose shores they cannot go. That law deals with navigational rules – rules that govern the manner and direction those vessels may rightly move upon the waters … Through long experience, the law of the sea knows how to determine whether a particular ship is seaworthy, and it knows the nature of maintenance and cure. It is concerned with maritime liens, the general average, captures and prizes, limitation of liability, cargo damage, and claims for salvage. *See* 409 U.S. at 269-70.

For the reasons set forth, the Court must find that it lacks subject matter jurisdiction to address plaintiff's claim.  The Court must find that the kiteboard is not a vessel and that activity associated with plaintiff's injury was not sufficiently connected to any traditional maritime activity to invoke this Court's jurisdiction over admiralty and maritime matters.  Accordingly, defendant's Motion to Dismiss should be granted.

4. Even if the district court were to properly exercise admiralty jurisdiction in this case, Delaware law should be applied and enforced. "State law may supplement maritime law when maritime law is silent or where a local matter is at issue."  Floyd v. Lykes Bros. Steamship Co., 844 F.2d 1044, 1047 (3d Cir. 1988).  However, "state law may not be applied where it would conflict with maritime law."  Id.  Since plaintiff has brought his Complaint under the theory of common law negligence, strict liability, and breach of warranty Delaware state law should be applied.

MARSHALL, DENNEHEY, WARNER,
 COLEMAN & GOGGIN
/s/ THOMAS J. GERARD
THOMAS J. GERARD, ESQ (#2959)
KIMBERLY MEANY, ESQ. (#4740)
1220 Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4303
Attorneys for Defendant.

DATED: April 22, 2008

15/607744.v1

## **CERTIFICATION OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF ADMIRALTY JURISDICTION,** in the above-captioned matter on this date, by electronic filing method to:

Michael James Logullo, Esq.
Morgan, Shelsby & Leoni
221 Main Street
Stanton, DE 19804

            MARSHALL, DENNEHEY, WARNER,
               COLEMAN & GOGGIN
            /s/ THOMAS J. GERARD
            THOMAS J. GERARD, ESQ (#2959)
            KIMBERLY MEANY, ESQ. (#4740)
            1220 Market Street, 5th Fl.
            P.O. Box 8888
            Wilmington, DE 19899-8888
            (302) 552-4303
            Attorneys for Defendant.

DATED: April 22, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN DONNELLY, | * |
| | * C.A. No. 08-cv-82 JJF |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| SLINGSHOT SPORTS LLC, | * |
| | * |
| Defendant. | * |

### ORDER

ON THIS _____ day of _____ , 2008, having considered the Motion of Defendant, Slingshot Sports LLC., to Dismiss and all Responses thereto, and there being good cause to grant such Motion.

IT IS ORDERED THAT all claims against Defendant, Slingtshot Sports LLC, are hereby dismissed with prejudice and judgment is entered in favor of Defendant, Slingshot Sports LLC.

_____
J.

15/608808.v1